NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT ERIK STAFNE, | No. 19-35454 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01692-MHS |
| v. | |
| THOMAS S. ZILLY, U.S. District Court Judge; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Michael H. Simon, District Judge, Presiding

Submitted September 3, 2020[**]
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and CALDWELL,[***] District Judge.

Scott Stafne appeals the district court's grant of the defendant-appellees'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

motion to dismiss his action seeking monetary, declaratory, and injunctive relief against federal judges Thomas Zilly, Barry Silverman, and John Coughenour (collectively "federal judicial defendants"), and Snohomish County Sheriff Ty Trenary. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stafne first appeals the district court's dismissal of his claims for injunctive and declaratory relief against the federal judicial defendants. "[C]ollateral attacks on the judgments, orders, decrees or decisions of federal courts are improper," and collateral attacks of the kind Stafne seeks here cannot be allowed "without seriously undercutting the orderly process of law." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987); *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). Absolute judicial immunity bars injunctive and declaratory relief sought as a result of judicial acts performed in a judicial capacity. *See Mullis*, 828 F.2d at 1394 ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.").

Stafne also appeals the district court's dismissal of his claim for monetary damages under 42 U.S.C. § 1983 against Judges Zilly and Silverman. Stafne's claim for damages under § 1983 has no legal basis, as the federal judicial defendants acted pursuant to federal law, not state law. *See Ibrahim v. Dept. of*

2

*Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008) (holding that § 1983 "only provides a remedy against persons acting under color of state law"). Even if Stafne's § 1983 claim is construed as a claim against federal officers under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), it is barred by absolute judicial immunity. *See Mullis*, 828 F.2d at 1394 (dismissing *Bivens* claim as barred by absolute judicial immunity). Stafne failed to raise his § 1985 claim on appeal and it is therefore waived. The district court did not err in granting the federal judicial defendants' motion to dismiss with prejudice.

Stafne also appeals the district court's dismissal of his claim against Trenary for injunctive relief to block Trenary from executing a court-issued foreclosure order and damages that might follow from the execution of that order. Trenary, acting in his official capacity as a sheriff responsible for executing a court-issued foreclosure order, enjoys absolute quasi-judicial immunity from Stafne's claims. *See Coverdell v. Dep't of Soc. and Health Serv., State of Wash.*, 834 F.2d 758, 765 (9th Cir. 1987) ("The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised."); *see generally Mullis*, 828 F.2d at 1394 (judicial or quasi-judicial immunity extends to injunctive relief). The district court did not err in

granting Trenary's motion to dismiss with prejudice.

**AFFIRMED.**

4